09-0138-ag
Teoh v. Holder

BIA
A073 539 076

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of January, two thousand ten.

PRESENT:

　　　　ROBERT A. KATZMANN,
　　　　BARRINGTON D. PARKER,
　　　　GERARD E. LYNCH,
　　　　　　　*Circuit Judges.*

_____

POHTEIK TEOH,
　　　　*Petitioner,*

　　　v.　　　　　　　　　　　09-0138-ag
　　　　　　　　　　　　　　NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent.*

_____

FOR PETITIONER:　　　Maria Isabel A.N. Thomas, Thomas & Thomas LLC, New York, New York.

FOR RESPONDENT:　　　Tony West, Assistant Attorney General; Emily Anne Radford, Assistant Director; Craig A. Newell, Jr., Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Pohteik Teoh, a native and citizen of Malaysia, seeks review of the December 12, 2008 order of the BIA, which denied his motion to reopen. *In re Pohteik Teoh*, No. A073 539 076 (B.I.A. Dec. 12, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Here, the BIA did not abuse its discretion in denying Teoh's motion to reopen as untimely because he filed it in July 2008, over 12 years after the agency issued its final order of removal. *See* 8 C.F.R. § 1003.2(c)(2).

When ineffective assistance of counsel prevents an alien from presenting his claim, the filing deadline for motions to reopen may be equitably tolled. *Cekic v. INS*,

435 F.3d 167, 170 (2d Cir. 2006). However, in order to warrant equitable tolling, an alien is required to demonstrate that he exercised "due diligence" in pursuing his claims during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *See Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008). We have noted that "there is no period of time which we can say is *per se* unreasonable, and, therefore, disqualifies a petitioner from equitable tolling-or, for that matter, any period of time that is *per se* reasonable." *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007).

The BIA found that Teoh failed to demonstrate that he acted with due diligence in pursuing his ineffective assistance of counsel claim between June 2005, when he married a U.S. citizen, and April 2008, when he consulted with new counsel. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007) (finding that waiting 8 months after the receipt of documents through FOIA to file the motion to reopen did not demonstrate due diligence). Although Teoh argues that his motion should be equitably tolled, he does

3

not actually challenge the BIA's finding that he failed to exercise due diligence in his opening brief to this Court.[1] Thus, he has waived any such challenge. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

To the extent that Teoh argues that the BIA erred in failing to consider the equities in his case and declining to reopen his case *sua sponte*, we lack jurisdiction to consider those arguments. *See Azmond Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006) (finding that this Court lacks jurisdiction to consider the BIA's decision not to reopen a case *sua sponte* under 8 C.F.R. § 1003.2(a), because such a decision is "entirely discretionary").

Finally, because Teoh's failure to exercise due diligence was entirely dispositive of his motion, we need not consider his challenge to the BIA's alternative finding that he failed to comply with the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), or that he was prejudiced by his counsel's purportedly ineffective assistance. *See Rashid*, 533 F.3d at 132.

---

[1] Teoh's argument in his reply brief does not suffice. *See McCarthy v. S.E.C.*, 406 F.3d 179, 186 (2d Cir. 2005) (finding that "arguments not raised in an appellant's opening brief, but only in his reply brief are not properly before an appellate court").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____